**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| PENNY SHEPPARD,<br><br>          Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>          Defendant. | No.  EDCV 08-114 AGR<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Penny Sheppard ("Sheppard") filed a Complaint on February 7, 2008. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on February 22 and March 6, 2008.  The parties filed a Joint Stipulation (the "Stip") on November 17, 2008, that addresses the disputed issues in the case.  The Commissioner filed the certified administrative record  ("AR").  The Court has taken the Joint Stipulation under submission without oral argument.

Having reviewed the entire file, the Court concludes that the decision of the Commissioner is reversed and remanded for consideration of a lay witness questionnaire dated August 8, 2005.

///

///

**I.**

## PROCEDURAL BACKGROUND

On June 7, 2005, Sheppard filed an application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits, alleging an onset date of September 27, 2003.  AR 13.  The application was denied initially and on reconsideration.  AR 25-26.  Sheppard requested a hearing.  A.R. 42.  The Administrative Law Judge ("ALJ") conducted a hearing on July 25, 2007, at which Sheppard, a witness, a medical expert, and a vocational expert testified.  AR 370-411. The ALJ issued a decision denying benefits on October 18, 2007.  AR 10-21.

Sheppard filed a request for review of the ALJ's decision.  AR 8.  On December 21, 2007, the Appeals Council denied the request for review.  AR 5-7.  This lawsuit followed.

**II.**

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner.  *Moncada*, 60 F.3d at 523.

///

**III.**

**EVALUATION OF DISABILITY**

**A.    Disability**

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

**B.    ALJ's Findings**

The ALJ found that Sheppard has the following severe impairments: "fibromyalgia syndrome; depressive disorder; and multiple sclerosis, in remission."  A.R. 15. Sheppard has the residual functional capacity ("RFC") "to perform the full range of light work, except for the following limitations.  She should not work at a rapid production-rate pace – ie, on a rapid assembly line.  She should not perform work which requires hyper-vigilance, or which involves safety operations or responsibility for the safety of others."  A.R. 17.  The ALJ found that Sheppard "is capable of performing past relevant work as an Administrative secretary, an office assistant and a subcontractor administrator" as she performed it and as generally performed.  A.R. 21.

**C.    Side Effects of Medications**

Sheppard states that she filed a Disability Report - Appeal report in October 2005 with a list of medications and side effects.[1]  A.R. 131; JS at 3.  Sheppard did not testify that any side effect limited or prevented her from working.  Instead, she identified "too much pain" and "too much fatigue."  A.R. 390-391.  Her employer did not allow her to continue working half-time (20 hours per week).  A.R. 389-390, 392.

---

[1]  Sheppard submitted a current medication list at the hearing.  A.R. 135, 372, 378, 384.

1       The ALJ did not err in not considering side effects.  "There were passing

2   mentions of the side effects of Mr. Osenbrock's medication in some of the medical

3   records, but there was no evidence of side effects severe enough to interfere with

4   Osenbrock's ability to work."  *Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001);

5   *see also Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) ("The only evidence

6   regarding [side effects were the claimant's] own statements to her doctor and her

7   testimony at the hearing"); *Miller v. Heckler*, 770 F.2d 845, 849 (9th  Cir. 1985) ("Miller

8   produced no clinical evidence showing that narcotics use impaired his ability to work").

9       **D.**    **ALJ's Rating of Mental Impairment**

10      The ALJ found that Sheppard has a depressive disorder.  A.R. 15.  The ALJ must

11  "rate the degree of functional limitation" in four broad functional areas:  "Activities of

12  daily living; social functioning; concentration, persistence, or pace; and episodes of

13  decompensation."  20 C.F.R. § 404.1520a(c)(3); 20 C.F.R. § 416.920a(b)(2).  The first

14  three functional areas are rated on a five-point scale – none, mild, moderate, marked,

15  and extreme – and the fourth functional area (episodes of decompensation) is rated on

16  a four-point scale, none, one or two, three, four or more.  20 C.F.R. § 404.1520a(c)(4);

17  20 C.F.R. § 416.920a(c)(4).

18      The ALJ must "document application of the technique in the decision."  20 C.F.R.

19  § 404.1520a(e); 20 C.F.R. § 416.920a(e)(2); *Hoopai v. Astrue*, 499 F.3d 1071, 1077-78

20  (9th Cir. 2007); *Behn v. Barnhart*, 463 F. Supp. 2d 1043, 1047 (C.D. Cal. 2006).

21  Specifically, "[t]he decision must include a specific finding as to the degree of limitation

22  in each of the functional areas described in paragraph (c) of this section."  20 C.F.R. §

23  404.1520a(e)(2); 20 C.F.R. § 416.920a(e)(2).  The "'special technique' requirement is

24  not a mere technicality; rather it serves to aid the SSA in '[o]rganizing and presenting

25  [its] findings in a clear, concise and consistent manner.'"  *Zeagler v. Astrue*, 2008 U.S.

26  Dist. LEXIS 30059 at *12-*13 (N.D. Cal. Apr. 11, 2008) (citation omitted).

27      The ALJ noted that Sheppard's medical records and Global Assessment Function

28  (GAF) score of 80 were not consistent with a severe impairment.  A.R. 16.

1  Nevertheless, the ALJ gave Sheppard "the benefit of the doubt" and found a severe

2  impairment. *Id.*

3  　　　The ALJ's decision did not expressly rate the degree of Sheppard's functional

4  limitation in the four functional areas.  On the other hand, the ALJ gave the conclusions

5  of the psychiatrist (Dr. Smith) great weight.  A.R. 20.  Dr. Smith's report is dated May 4,

6  2007.  A.R. 287.  Dr. Smith found mild impairment in social functioning in terms of

7  interaction with the public, supervisors and co-workers.  A.R. 296.  Dr. Smith found no

8  impairment in any other sphere, including concentration, persistence or pace, and found

9  no episodes of decompensation.  A.R. 287-293, 295-296.  The ALJ also relied upon a

10  mental evaluation by a treating physician in January 2006.  A.R. 20.  The evaluation

11  found Sheppard to be within normal limits in all functional categories.  A.R. 335, 341-

12  342.  Finally, the ALJ noted that, in 2005, the State Agency physician did not find a

13  severe impairment, found no limitations in activities of daily living, social functioning,

14  and concentration, persistence or pace, and found no episodes of decompensation.

15  A.R. 20, 159, 169.

16  　　　Although the ALJ should have expressly stated his ratings of Sheppard's

17  functional limitation in the four functional areas, any error was harmless.  An error is

18  harmless if it is "inconsequential to the ultimate nondisability determination."  *Stout v.*

19  *Commissioner,* 454 F.3d 1050, 1055 (9th Cir. 2006).  Given the ALJ's express reliance

20  on the mental evaluations in the record, and the functional limitations expressly stated

21  in those evaluations, this court "can confidently conclude that no reasonable ALJ, when

22  fully crediting the [evaluations], could have reached a different disability determination."

23  *Id.* at 1056.

24  　　　**E.**　　**Lay Witness Questionnaire**

25  　　　Sheppard correctly states that the ALJ failed to mention her husband's "Function

26  Report Adult Third Party" dated August 8, 2005.  (JS at 10); A.R. 104-112.  The

27  Commissioner does not dispute this point.

28

Although most of the cases concern a failure to consider lay witness testimony, Sheppard argues the same standards should apply to a questionnaire.  "[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."  *Stout*, 454 F.3d at 1056.

The Commissioner argues that this court should use the standard in *Carmickle v. Commissioner of SSA*, 533 F.3d 1155 (9th Cir. 2008).  In *Carmickle*, the Ninth Circuit stated that when an ALJ provides specific reasons for discounting the claimant's credibility, the question is whether the ALJ's decision remains legally valid, despite such error, based on the ALJ's "remaining reasoning *and ultimate credibility determination*."  *Id.* at 1162 (italics in original).  The court in *Carmickle* distinguished *Stout* because "in that case the ALJ failed to provide *any reasons* for rejecting the evidence at issue."  *Id.* at 1162-63 (italics in original).

The *Stout* harmless error standard is applicable to this case because the ALJ failed to provide any reasons for rejecting Mr. Sheppard's lay questionnaire.  There is "simply nothing in the record for the court to review to determine whether the ALJ's decision was adequately supported."  *Id.* at 1163.

The issue of harmless error is a close question.  The questionnaire states that Sheppard takes care of their daughter and dog.  A.R. 105.  Sheppard "performs light housekeeping, cooks, and maintains household paperwork."  A.R. 104, 106.  Sheppard has no problem with personal care.  A.R. 105.  She shops two to three times per week for good, clothes and household items.  A.R. 107.  She reads and watches TV, and goes to church or meets with friends once a week.  A.R. 108.  She can walk half a mile before needing to rest.  A.R. 109.  She is able to follow written and verbal instructions, and gets along well with authority figures.  A.R. 109.

The ALJ found that Sheppard has the residual functional capacity to perform the full range of light work, except that "[s]he should not work at a rapid production-rate

pace – ie, on a rapid assembly line.  She should not perform work which requires hypervigilance, or which involves safety operations or responsibility for the safety of others." A.R. 17.

On the other hand, the questionnaire states that Sheppard sleeps 4-6 hours during the day.  A.R. 104.  The vocational expert testified that a limitation that Sheppard would be off task 20% beyond regularly scheduled work breaks would preclude full-time work.  A.R. 410-411.  The Commissioner argues that the ALJ has already addressed Sheppard's similar allegation, and that the same reasons could reasonably apply to the questionnaire.  (JS at 13-14.)  However, it is for the ALJ to address the questionnaire in the first instance.  A district court is constrained to review the reasons that the ALJ asserts for his or her decision.  *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

**F.    ALJ's Hypothetical Question to Vocational Expert.**

Sheppard argues that the ALJ's hypothetical did not include limitations such as side effects or Mr. Sheppard's questionnaire.  JS at 16.

The ALJ may rely on testimony a vocational expert gives in response to a hypothetical that contains "all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005).  The ALJ is not required to include limitations that are not in his findings. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

Because this matter is remanded for consideration of Mr. Sheppard's lay witness questionnaire, the ALJ is free to revisit the hypothetical questions to a vocational expert if he deems it appropriate.

**IV.**

**CONCLUSION**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for consideration of Mr. Sheppard's lay witness questionnaire dated August 8, 2005.  A.R. 104-112.

1    IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order

2    and the Judgment herein on all parties or their counsel.

3

4

5    DATED: March 26, 2009

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28